UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-02337 JAK (ASx) | | Date | April 7, 2016 |
|---|---|---|---|---|
| Title | Louis Tyler et al v. American Optical Corporation, et al. | | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFFS' EX PARTE APPLICATION FOR IMMEDIATE CONSIDERATION OF PLAINTIFFS' EMERGENCY MOTION FOR IMMEDIATE REMAND TO STATE COURT (DKT. 5)**  **JS-6**

**I.      Introduction**

Louis and Becky Tyler (collectively, "Plaintiffs") reside in, and are citizens of, California. Complaint, Dkt. 1 (Ex. 1 at 5). On July 21, 2015, they brought this action for personal injury and loss of consortium in the Los Angeles Superior Court. *Id.* The Complaint names nine Defendants including two who are California citizens -- Los Angeles Rubber Company ("L.A. Rubber") and Indasco, Inc. ("Indasco"). The seven other Defendants are not California citizens. They are: American Optical Corporation ("American Optical"); Cabot Corporation ("Cabot"); CBS Corporation ("CBS"); Foster Wheeler LLC ("Foster Wheeler"); General Electric Company ("GE"); Pfizer, Inc. ("Pfizer"); and Metropolitan Life Insurance Company ("Met Life"). *Id.*

On March 14, 2016, after pretrial proceedings were completed, trial commenced in the Los Angeles Superior Court as to defendants American Optical and L.A. Rubber. *Id.* ¶ 8. A jury was empaneled, and Plaintiffs began to present their case in chief. *Id.* On April 5, 2016, Plaintiffs' counsel advised Superior Court Judge Kralik, who was presiding, that they had reached a tentative settlement agreement with L.A. Rubber. *Id.* ¶ 13. Thereafter, American Optical removed the action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Dkt. 1. In support of its removal, American Optical claims that "[a]s a result of Plaintiffs' imminent settlement and abandonment of the claims against L.A. Rubber, complete diversity exists between the California resident Plaintiffs and [American Optical], the sole remaining Defendant, which is incorporated in Delaware and has its principal place of business in Connecticut." *Id.* at 3.

April 6, 2016, Plaintiffs filed an ex parte application to remand the action to the Los Angeles Superior Court ("Application"). Dkt. 5. American Optical responded on April 7, 2016 (Dkt. 11), and the Application was taken under submission. For the reasons set forth in this Order, the Application is **GRANTED**, and the action is **REMANDED** to the Los Angeles Superior Court at its Central Civil West Courthouse.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-02337 JAK (ASx) | Date | April 7, 2016 |
|---|---|---|---|
| Title | Louis Tyler et al v. American Optical Corporation, et al. | | |

**II.     Factual and Procedural Background**

      A.     Service of and Response to the Complaint

Plaintiffs served the Complaint on all nine Defendants. *Id.* ¶ 4. Indasco was the only Defendant that did not answer. *Id.*[1] On December 11, 2015, Plaintiffs' counsel wrote to Indasco's agent for service of process and called for Indasco to respond to the Complaint. *Id.* This letter stated that, if Indasco failed to do so, Plaintiffs would "apply to the court for entry of default." *Id.*; *see also id.* (Ex. B). Ted Pelletier ("Pelletier"), counsel for Plaintiffs, has declared that Plaintiffs "have not yet sought Indasco's default but intend to do so." *Id.*

      B.     Plaintiffs Obtain Statutory Calendar Preference

In October 2015, Plaintiffs moved for a calendar preference for an immediate trial as permitted under Cal. Code Civ. Proc. § 36(d). The basis for their request was that Louis Tyler is "rapidly dying from his mesothelioma." *Id.* ¶ 5. This request was supported by a declaration from a physician who expressed substantial medical doubt whether Tyler would survive for more than six months, a time period that would end on or about April 14, 2016. *Id.*; *see also id.* (Ex. C). Plaintiff's motion for calendar preference was granted by Superior Court Judge Elias, who set the trial for March 14, 2016. *Id.* ¶ 6.

      C.     Plaintiffs Dismiss Two Defendants and Tentatively Agree to Resolve the Case with Four Others

Before trial, plaintiffs dismissed two of the nine defendants -- Cabot and Pfizer. *Id.* ¶ 7. Also before trial, Plaintiffs reached settlement agreements with four other Defendants: CBS, Foster Wheeler, GE and Met Life. *Id.* Plaintiffs agreed that these four Defendants need not appear at trial; however, none has been formally dismissed from the action. *Id.*

      D.     Trial Commences on March 14, 2016

As noted, the trial commenced on March 14, 2016 with both American Optical and L.A. Rubber present as Defendants. *Id.* ¶ 8. A jury was sworn and empaneled on April 1, 2016. *Id.* As noted, on April 5, 2016, Plaintiffs began to offer their case in chief. *Id.*

      E.     Plaintiffs Tentatively Agreed to Resolve the Case with L.A. Rubber

On April 5, 2016, after delivering his opening statement, Plaintiffs' counsel advised Judge Kralik that Plaintiffs had "agreed in principle to settle with" L.A. Rubber. *Id.* ¶ 13. After discussing an issue not relevant to the present matter, Judge Kralik asked whether counsel for L.A. Rubber, Timothy McCaffery ("McCaffery"), was present. The following colloquy followed:

      THE COURT: . . . Do I have Mr. McCaffery? Where is he?

---

[1] There is a dispute as to whether Indasco was properly served in light of an electronic service order issued by Superior Court Judge Elias. That order applies to this and many other Superior Court actions that she has overseen for certain pretrial purposes. That issue is discussed below. *See infra* n.4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-02337 JAK (ASx) | Date | April 7, 2016 |
|---|---|---|---|
| Title | Louis Tyler et al v. American Optical Corporation, et al. | | |

> MS. FROST: He's not here today.
> THE COURT: Is the party represented?
> MS. CLANCY: No. Your Honor, Mr. McCaffery is not here. He has a family matter, and he asked that we inform the Court that, while we've agreed in principle to settle with LA Rubber, we're still negotiating material terms. There are several things that are outstanding. No paperwork has been signed.
> THE COURT: So I have a little problem in that has he given you authority to waive his presence for today? That's really the question.
> MR. SATTERLEY: Yes, he has.
> MS. CLANCY: Yes, he has. But he said he's also reachable by phone if the Court needs to reach him. But he did give me authority to say exactly those words.

Dkt. 5 (Ex. G at 67).[2]

The trial court subsequently called McCaffery using the phone number provided by Plaintiffs' counsel. *Id.* at 68. After asking whether McCaffery "waive[d] the presence of [him]self and [his] client today," McCaffery stated: "Your Honor, in light of the tentative settlement that we've reached, that is [L.A. Rubber's] intention." *Id.*

> F.   American Optical Announces Its Intent to Remove the Action Based on the Tentative Settlement Between Plaintiffs and L.A. Rubber

Shortly after Plaintiffs announced their agreement "in principle to settle" with L.A. Rubber, American Optical told Judge Kralik that it intended to remove the case to federal court. *Id.* at 69. The following colloquy the occurred:

> MS. CLANCY: . . . LA Rubber is still a defendant in this case. We are not settled with LA Rubber. There is a tentative discussion of a settlement, but there are significant material terms that are outstanding. LA Rubber has not been dismissed from this case. There is a wealth of precedent that if -- even if you have reached a tentative settlement, that as long as the defendant is still in the case, that it is improper to remove, and that we will be asking for sanctions, monetary sanctions, if they do this because this is contrary to very well settled caselaw. I repeat, we are not settled with LA Rubber.
> THE COURT: Go ahead.
> MS. FROST: Your Honor, it was clear from the announcement this morning from Mr. McCaffery that the settlement is essentially done. He waived his ability to be here, he waived his client's ability to be here, and he is not present in the court. They did not open and plaintiffs, significantly, did not open against them in the case. As a result, there is very good precedent that there is bad faith joinder and, as a result, that is one of the bases for the removal.[3]

---

[2] Sharla Frost is counsel for American Optical. Dkt. 5 (Ex. G at 65). Joseph Satterley and Denyse Clancy are counsel for Plaintiffs. *Id.*

[3] Plaintiffs point out that counsel for American Optical was mistaken in stating that plaintiffs had not "open[ed] against [L.A. Rubber] in the case." *Id.* at 70. They claim that the opening statement by their counsel referred to L.A. Rubber. *See, e.g., id.* (Ex. F at 27) ("It's an important decision and it's a decision that sometimes is difficult, but it would be one that has impact both on the plaintiff, the plaintiff's life, the plaintiff's family, and American Optical and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-02337 JAK (ASx) | Date | April 7, 2016 |
|---|---|---|---|
| Title | Louis Tyler et al v. American Optical Corporation, et al. | | |

*Id.* at 70.

    G.    American Optical Files a Notice of Removal

On the evening of April 5, 2016, American Optical removed this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Dkt. 1. American Optical asserts that "[a]s a result of Plaintiffs' imminent settlement and abandonment of the claims against L.A. Rubber, complete diversity exists between the California resident Plaintiffs and [American Optical], the sole remaining Defendant, which is incorporated in Delaware and has its principal place of business in Connecticut." *Id.* at 3.

**III.**    **Analysis**

    A.    Legal Standard

        1.    <u>Motion to Remand</u>

The procedure for removal is set forth in 28 U.S.C. § 1446. In relevant part the statute provides:

> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

A motion to remand is the procedural means through which the removal of an action may be challenged by a non-removing party. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, an action pending in a state court may be removed only if there would have been federal jurisdiction had the action been brought originally in a federal court. 28 U.S.C. § 1441(a). A matter may be removed based on diversity jurisdiction where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. §§ 1332, 1441(b). Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Given the presumption against removal, the defendant has the burden of establishing that removal is proper. *Id.*

    B.    Application

Defendants removed this action on the basis of diversity jurisdiction, arguing that "[a]s a result of Plaintiffs' imminent settlement and abandonment of the claims against L.A. Rubber, complete diversity exists between the California resident Plaintiffs and [American Optical], the sole remaining Defendant, which is incorporated in Delaware and has its principal place of business in Connecticut." *Id.* at 3. This position is not persuasive as a matter of fact or law.

---

LA Rubber."); *see also id.* (Ex. F at 29) ("And all those claims relate to American Optical. LA Rubber we only have a negligence claim, a negligence and a strict product liability case. The Court will give you the law. I'm not going to talk about the law, but I wanted to give you the framework of that.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-02337 JAK (ASx) | Date | April 7, 2016 |
|---|---|---|---|
| Title | Louis Tyler et al v. American Optical Corporation, et al. | | |

"[S]ettlement with a non-diverse party does not establish diversity jurisdiction unless and until that party is dismissed from the action." *Dunkin v. A.W. Chesterson Co.*, 2010 WL 1038200, at *2 (N.D. Cal. Mar. 19, 2010) (citing *Self v. Gen. Motors Corp.*, 588 F.2d 655, 659 (9th Cir. 1978)). *Mertan v. E.R. Squibb & Sons, Inc.*, 581 F. Supp. 751 (C.D. Cal. 1980), concluded that, although plaintiff had settled with the non-diverse defendant, removal was improper because no written dismissal of the defendant had been entered. *Id.* at 753. *Mertan* explained that a "written Dismissal is the only effective order the State Court can make or that is legally enforceable," and that in the absence of such a dismissal, the "Federal Court is without jurisdiction because there is a clear absence of complete diversity." *Id.*

Courts within California have followed *Mertan.* Thus, several have concluded that the entry of a settlement with a party whose dismissal has not been entered is insufficient to confer diversity jurisdiction premised on the absence of that defendant as a party in the state court proceeding. *See Guerrero v. General Motors Corp.*, 392 F. Supp. 2d 1133, 1135 (N.D. Cal. 2005) (*Mertan* "is still good law and has not been rejected by the Ninth Circuit"); *Roberts v. A.W. Chesterton Co.*, 2008 WL 782569 at *2 (N.D. Cal. 2008) (following *Mertan* and *Guerrero* in granting motion to remand where settlement with non-diverse defendants in an asbestos action had not been finalized and the defendants had "not been formally dismissed from the case").

L.A. Rubber was not dismissed from this action while it was pending in the Superior Court. Therefore, the removal of this action was improper. There is no complete diversity among the parties because both Plaintiffs and L.A. Rubber are citizens of California.

This outcome is also required by an application of Cal. Code Civ. Proc. § 664.6, which governs the entry of judgment pursuant to the terms of a stipulated settlement. It provides:

> If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement.

*Id.*

Under this provision, a settlement is enforceable as to a matter that is pending in a California Superior Court, if the parties personally appear before the court and agree orally to the terms of the settlement. *See, e.g., Johnson v. Dep't of Corr.*, 38 Cal. App. 4th 1700, 1707-08 (1995) (for a settlement agreement to be enforceable under Section 664.6, the "litigants themselves" must be present). On the day that Plaintiffs' counsel announced the tentative settlement with L.A. Rubber, neither L.A. Rubber nor its counsel was present. Therefore, even if its terms had been finalized -- and Plaintiffs contend that they have not been -- the settlement agreement is presently unenforceable by either party. That the tentative agreement is not finalized either between the parties or in the manner required by CCP § 664.6, necessarily means that L.A. Rubber remains an active party whose citizenship must be considered in determining federal diversity jurisdiction.

American Optical cites *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005) for the proposition that the entry of an order of dismissal as to a non-diverse defendant is not required before removal is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-02337 JAK (ASx) | Date | April 7, 2016 |
|---|---|---|---|
| Title | Louis Tyler et al v. American Optical Corporation, et al. | | |

proper. *Harris* presented facts that are different from those at issue here. There, the plaintiff purchased a disability and life insurance policy from Bankers Life & Casualty Co. ("Bankers"). *Id.* at 691. When plaintiff suffered a heart attack in 2002, he became disabled. Thereafter, he made a demand for monthly disability benefits under the policy. After it made two payments, Bankers refused to make further ones. It claimed that, because plaintiff was only "partially disabled," benefits were not payable. *Id.*

In January 2013, the insured plaintiff, who was a resident of Montana, commenced an action in a Montana court against Bankers, which was an Illinois corporation. The action also named as a defendant the agent who arranged for the sale of the policy to the plaintiff. Plaintiff claimed that the agent was a citizen of Montana. *Id.* Trial in the case was set for February 2004. *Id.* In late October 2003, Bankers filed a motion to continue the trial date because, *inter alia*, the non-diverse agent defendant "*had not yet been served or dismissed.*" *Id.* (emphasis added). In an October 21, 2003 letter, the plaintiff's counsel opposed a continuance of the trial date. *Id.* Based on this position, Bankers concluded that the plaintiff had effectively abandoned his claims against the agent. Thus, it believed that "the current deadlines set in the State Court Action would not be achievable" if the plaintiff intended to pursue his claims against the agent. *Id.* Bankers then wrote to plaintiff's counsel and asked whether plaintiff intended to serve the insurance agent. *Id.* When no response was made, Bankers filed a notice of removal in November 2003. *Id.* at 692. Bankers asserted that the agent was "not a party to this matter" because of the plaintiff's "failure to serve [the agent]." *Id.* Moreover, Bankers had learned that the agent died in 1983. *Id.*

The Ninth Circuit concluded that the action became subject to removal on October 21, 2003, when it "became apparent that [the plaintiff] had abandoned his claims against [the agent]." *Id.* at 696. That conclusion was based on the aforementioned facts. Thus, although the case had been pending for ten months, plaintiff had not served the non-diverse insurance agent, and the agent had died several years earlier. The facts here are different. L.A. Rubber was properly served and remained a defendant in the action at the time of its removal.

Nor is there a persuasive basis for American Optical's contention that "Plaintiff's abandonment of their trial claims against L.A. Rubber was clear, unequivocal, and irrevocable." *See* Dkt. 11 at 10. On the contrary. when during the trial American Optical told Judge Kralik that it intended to remove the action, Plaintiffs' counsel responded by stating clearly that "L.A. Rubber is still a defendant in this case," and that Plaintiffs "are not settled with L.A. Rubber." Dkt. 5 (Ex. G at 70). Plaintiffs' counsel then added: "There is a tentative discussion of a settlement, but there are significant material terms that are outstanding. LA Rubber has not been dismissed from this case." *Id.*; *see Lantz*, 2005 WL 1629937, at *2 ("[The diverse defendant's] argument that plaintiffs' abandoned their claims against [the non-diverse defendant] fails . . . . The Court must accept as true plaintiffs' claim that they have not abandoned their claims against [the non-diverse defendant].").

Because L.A. Rubber remained a party to the action at the time of its removal, there was no diversity jurisdiction.

There is a second, independent ground upon which removal was improper. Indasco is also a California citizen. Therefore, its presence in the action also would preclude complete diversity. Indasco was served

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-02337 JAK (ASx) | Date | April 7, 2016 |
|---|---|---|---|
| Title | Louis Tyler et al v. American Optical Corporation, et al. | | |

with the Complaint, but failed to respond.[4] On December 11, 2015, Plaintiffs' counsel wrote to Indasco's agent for service of process and requested that Indasco answer the Complaint. As noted, the letter also stated that Plaintiffs would otherwise "apply to the court for entry of default." Pelletier Decl., Dkt. 5-2 ¶ 4; *see also id.* (Ex. B). Pelletier stated in a declaration in support of this Application that Plaintiffs "have not yet sought Indasco's default but intend to do so." Pelletier Decl., Dkt. 5-2 ¶ 4.

A Defendant that has been served with a Complaint but fails to answer remains a part of the diversity calculus. *See, e.g.*, *Lantz v. DaimlerChrysler Corp.*, 2005 WL 1629937, at *1 (N.D. Cal. 2005) ("[Defendant] was properly served" but "never answered"; although plaintiffs had not yet taken [Defendant's] default, they had "not abandoned their claims against [it]"); *Foster v. A.H. Robins Co.*, 61 F. Supp. 2d 1121, 1123-24 (D. Haw. 1999) (although plaintiffs had not "moved for default judgment" as to defendant who had "fail[ed] to appear," it "does not mean" that plaintiffs "have abandoned their claims against him"); *Palmer v. Pneumo Abex, LLC*, 2010 WL 1029480, at *4 (N.D. Cal. 2010) (a plaintiff's "decision to try its claims against some but not all served defendants" is not a "discontinuance" of those claims).

In light of this authority, because Indasco remains a party to this action, there is not complete diversity. That Defendant questions whether Plaintiffs will pursue a default against Indasco is not controlling. Plaintiffs' counsel has stated under oath that Plaintiffs intend to do so. And, any factual dispute on that issue is not one that should be resolved in connection with the present Application. The sworn statement by Plaintiffs' counsel, who is an officer of the court, is sufficient. *See Lantz*, 2005 WL 1629937, at *2 ([The diverse defendant] argues that plaintiff's counsel is insincere in claiming that they plan to move for a default judgment against [the non-diverse defendant]. However, this Court must resolve such credibility determinations in plaintiffs' favor.").

---

[4] Plaintiffs attached to their Application the proof of service of summons. It reflects that Michael O'Rourke, Indasco's agent for service, was served with copies of the summons, Complaint and civil case cover sheet by personal service. Dkt. 5 (Ex. B). In response, American Optical asserts that Indasco was not properly served. Dkt. 11 at 7. American Optical cites to a standing order issued by Judge Elias. It provides:

> All documents filed with the Court shall be electronically served on all parties. Except expressly provided herein, all pleadings, motions, memoranda of law, declarations, orders, discovery, including verifications, *ex parte* notices, deposition notices and objections, or other documents served in ASBESTOS LITIGATION by USERS shall be electronically served.

Dkt. 11 (Ex. 5).

American Optical argues that, because Plaintiffs failed to file the proof of service as to Indasco electronically (Dkt. 11 at 7), that Defendant was not served. This position is not persuasive. As noted, Indasco was served in accordance with California law. Moreover, the apparent purpose of the standing order issued by Judge Elias is to facilitate efficient pretrial proceedings in the many asbestos cases that are pending in the Los Angeles Superior Court and whose pretrial proceedings she manages. Thus, it would permit counsel to serve and provide filings, which are often lengthy, to all parties to an action, of which there are often many, by a very efficient means. It would also permit all counsel and parties to store such documents electronically. Even assuming that the Order was intended to apply to a proof of service, it does not state that a failure to comply would void a filing that is filed or served manually.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-02337 JAK (ASx) | Date | April 7, 2016 |
| Title | Louis Tyler et al v. American Optical Corporation, et al. | | |

      C.      Attorney's Fees

An award of attorney's fees is authorized by the removal statutes: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1aa7(c). Attorney's fees should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Plaintiffs seek an award of attorney's fees of $7300 for the time spent on the Application. As stated in the declaration of Pelletier, this represents eight hours of work by Pelletier (partner) at an hourly rate of $600 ($4800); three hours of work by Denyse Clancy (partner) at an hourly rate of $600 per hour ($1800); and two hours of work by Simarjit Kaur (associate) at an hourly rate of $350 per hour ($700).

An award is warranted. There was no objectively reasonable basis for this removal. The law as stated in several District Court decisions is clear. Further, it appears that the matter was removed, in the midst of a preference trial, as part of litigation strategy. It is also noteworthy that after Defendant's counsel stated an intention to remove the action, Plaintiffs' counsel responded. They advised Defendant's counsel that there was no federal jurisdiction for certain of the reasons accepted by this Order. Therefore, Defendant knew there was a risk that fees would be sought if the matter were removed and then remanded.

Having reviewed the hours worked as well as the claimed hourly rates, the Court determines that an award of $3350 is appropriate. As to the hours worked, 13 hours is more than reasonably necessary for the presentation of the Application. As the statements by Plaintiff's counsel show, they were familiar with the existing law as to removal following a settlement at the time that counsel for American Optical stated its intention to do so. There is also not a showing that three attorneys were needed to brief this issue. The resulting need for coordination increases the number of hours that are worked. Therefore, based on a review of the material submitted, it is determined that a reasonable number of hours is as follows: Pelletier, four hours; Clancy, one hour; and Kaur, one hour. The Court has also considered the proposed hourly rates and, based on its extensive experience in addressing attorney's fees issues, finds each of the rates reasonable and consistent with those charged by similar counsel in comparable actions.

The $3350 shall be paid by Defendant to Plaintiffs' counsel within 10 days of the issuance of this Order.

**IV.**    **Conclusion**

For the reasons set forth in this Order, the Application is **GRANTED** and the action is **REMANDED** to the Los Angeles Superior Court at its Central Civil West Courthouse. Attorney's fees of $3350 are **AWARDED** to Plaintiffs.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |